UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. |
| | : | |
| v. | : | Crim. No. 17- |
| | : | |
| MARK MOSKOWITZ | : | 18 U.S.C. § 1343 |
| | : | |

INFORMATION

The defendant having waived in open court prosecution by Indictment, the United States Attorney for the District of New Jersey charges:

BACKGROUND

1.     At various times relevant to this Information:

a.     Defendant MARK MOSKOWITZ resided in or near Short Hills, New Jersey.

b.     Defendant MARK MOSKOWITZ operated a purported hedge fund in New Jersey known as Edge Trading Partners, L.P.  The general partner of Edge Trading Partners, L.P. is Edge Trading LLC (collectively, "Edge Trading").

c.     Edge Trading LLC was a limited liability company formed in or around March 2012 and incorporated in the State of Delaware.

d.     "Victim 1" was a victim investor living in or around Byron, Georgia.

1

<u>THE SCHEME</u>

2.     From in or around March 2012 through in or around October 2015, in Essex County, in the District of New Jersey, and elsewhere, defendant

**MARK MOSKOWITZ**

did knowingly and intentionally devise, and intend to devise, a scheme and artifice to defraud investors, and to obtain money and property from them by means of materially false and fraudulent pretenses, representations, and promises.

<u>PURPOSE OF THE SCHEME TO DEFRAUD</u>

3.     It was the purpose of the scheme to defraud for defendant MARK MOSKOWTIZ to enrich himself by fraudulently soliciting and obtaining funds from victim investors to, among other things: pay debts; pay personal expenses; and repay victims of the fraudulent scheme described herein.

<u>MANNER AND MEANS OF THE SCHEME TO DEFRAUD</u>

4.     It was part of the scheme to defraud that, to induce prospective investors to invest in Edge Trading, defendant MARK MOSKOWITZ falsely represented, through affirmative statements in various contexts, including oral statements, offering documents, emails, and elsewhere, that:

      a.     defendant MARK MOSKOWITZ was a successful and profitable investor;

      b.     in any given calendar year, defendant MARK MOSKOWITZ would be paid 30 percent of profits generated by Edge Trading; and

2

c.    during the time periods indicated above, Edge Trading was profitable in each quarter of its operation.

5.    It was further part of the scheme to defraud that defendant MARK MOSKOWITZ, by way of material omission, failed to inform victim investors that the entirety of the investors' principal contributions would not be invested but instead would be diverted to pay defendant MARK MOSKOWITZ's personal expenses.

6.    It was further part of the scheme to defraud that defendant MARK MOSKOWITZ then lulled his victims into believing that their funds were safe and their investments were profitable by making further misrepresentations and emailing them phony documents, which falsely represented that investors' principal contributions: (a) had been fully invested; and (b) had appreciated substantially in value.

7.    It was further part of the scheme to defraud that, based on the material misrepresentations and omissions set forth in paragraphs 4 through 6, and others made by defendant MARK MOSKOWITZ, the investors, including Victim 1, provided money to defendant MARK MOSKOWITZ, both by wire transfer and by check, which MARK MOSKOWITZ caused to be deposited into a TD Bank account in the name of Edge Trading LLC.

8.    It was further part of the scheme to defraud that MARK MOSKOWITZ diverted much of the money that purportedly was going to be used to invest in U.S. and foreign equities, futures contracts, and option contracts to his personal use.

3

9.    It was further part of the scheme to defraud that, defendant MARK MOSKOWITZ used a portion of the victim investors' funds to make "quelling" and "lulling" payments to investors in Edge Trading to perpetuate and conceal his fraudulent activity.

10.    As a result of the scheme, defendant MARK MOSKOWITZ caused victim investors to suffer a loss of over $675,000.

11.    On or about September 20, 2013, in the District of New Jersey and elsewhere, for the purpose of executing and attempting to execute this scheme and artifice to defraud, defendant

**MARK MOSKOWITZ**

did knowingly and intentionally transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, a certain writing, sign, signal, and sound, namely defendant MARK MOSKOWITZ caused Victim 1 to send a wire transmission of $100,000 from Victim 1's bank account to a bank account controlled by defendant MARK MOSKOWITZ, which passed through New Jersey and Texas in the Fedwire Funds Transfer System.

In violation of Title 18, United States Code, Section 1343.

4

<u>FORFEITURE ALLEGATION</u>

1.    The allegations contained in this Information are incorporated by reference as though set forth in full here for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.    The United States hereby gives notice to the defendant charged in Count One, that upon conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which requires any person convicted of such offense to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offense.

3.    If any of the above-described forfeitable property, as a result of any act or omission of a defendant:

   a.    Cannot be located upon the exercise of due diligence;

   b.    Has been transferred or sold to, or deposited with a third party;

   c.    Has been placed beyond the jurisdiction of the court;

   d.    Has been substantially diminished in value; or

   e.    Has been commingled with other property which cannot be divided without difficulty;

It is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any

5

other property of such defendant up to the value of the forfeitable property described in this forfeiture allegation.

WILLIAM E. FITZPATRICK
Acting United States Attorney

CASE NUMBER: _____

# United States District Court
## District of New Jersey

# UNITED STATES OF AMERICA

## v.

# MARK MOSKOWITZ

## INFORMATION FOR
### 18 U.S.C. § 1343

### WILLIAM E. FITZPATRICK
*ACTING U.S. ATTORNEY*
*NEWARK, NEW JERSEY*

JASON S. GOULD
*ASSISTANT U.S. ATTORNEY*
*(973) 645-2776*

**USA-48AD 8**
**(Ed. 1/97)**